MERETTA v PEACH

Docket No. 130227. Submitted March 5, 1992, at Lansing. Decided September 8, 1992, at 9:20 A.M.

Leonard V. Meretta brought an action in the Livingston Circuit Court against Janet J. Peach, Great Lakes Federal Savings, and Dennis J. and Cheryl K. Fend, seeking to foreclose Peach's mortgage. Peach had financed the purchase of her house through Commerce Mortgage Corporation, which assigned the note and mortgage to Commerce Mortgage Investments, Ltd., an affiliate of Diamond Mortgage Company. Commerce Mortgage Investments, Ltd., assigned the mortgage and note to A.J. Obie, Inc., which assigned them to Meretta as security for his investments. Meretta was aware of a servicing agreement between Commerce Mortgage Investments, Ltd., and Diamond that authorized Diamond to collect principal and interest due on mortgages. Peach sold the property to the Fends. Great Lakes closed the transaction and made a prepayment of the mortgage to Diamond, but Diamond was adjudged bankrupt and never paid Meretta the amount owing. When the Fends refused Meretta's demand for payment, he initiated this action. The court, Stanley J. Latreille, J., granted summary disposition for Meretta, finding as a matter of law that Diamond was not authorized to accept the prepayment of the mortgage held by Meretta. The defendants appealed.

The Court of Appeals *held:*

Questions of fact exist with regard to whether Diamond acted as Meretta's agent, whether it is the usual practice in the mortgage industry for servicing companies to accept prepayments, whether Meretta had knowledge of the practice, and whether Diamond had apparent authority to accept prepayment of the mortgage on behalf of Meretta. A genuine issue of material fact also existed with regard to whether Meretta is estopped from denying that Diamond had apparent authority to accept prepayments. Summary disposition was inappropriate in this case.

Reversed and remanded.

*Andrew S. Muth, P.C.* (by *James K. Fett* and *Andrew S. Muth*), for the plaintiff.

*McGinty, Brown, Jakubiak, Frankland, Hitch & Henderson, P.C.* (by *Charles E. Henderson*), for the defendants.

Before: MARILYN KELLY, P.J., and McDONALD and G. S. ALLEN,* JJ.

MARILYN KELLY, P.J. This case arose out of the collapse of the Diamond Mortgage Company. Plaintiff was the assignee of defendant Peach's mortgage. After the assignment, Peach paid off the mortgage in full. The prepayment was made through the servicing company, Diamond Mortgage, which failed to forward it to plaintiff before going bankrupt. Plaintiff brought this action to foreclose on Peach's mortgage. The trial judge granted him summary disposition.

Defendants argue on appeal that Diamond Mortgage had actual or apparent authority to accept prepayment of the mortgage. They argue also that payments they made prior to receiving actual notice of the mortgage's assignment effected a pro tanto discharge of the mortgage. Also, since the note was not properly executed, plaintiff's security interest was lost. Finally, Peach is entitled to credit for payments she made to the servicing agent until notified to pay another. We reverse.

Defendant Peach financed the purchase of her house though Commerce Mortgage Corporation. Commerce assigned the note and mortgage to Commerce Mortgage Investments, Ltd. (CMI), an affiliate of Diamond Mortgage. CMI assigned the mortgage and note to A.J. Obie, Inc., which assigned them to plaintiff as security for his investments. Plaintiff considered Obie, CMI, and Diamond to be one and the same. In fact their mailing

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

addresses were identical. Plaintiff was aware of the servicing agreement between CMI and Diamond which authorized Diamond to collect principal and interest due on mortgages.

In time, defendants Dennis and Cheryl Fend purchased the Peach property from Peach. Defendant Great Lakes Federal Savings and Loan closed the transaction between Peach and the Fends and made the prepayment of the mortgage to Diamond Mortgage. Diamond Mortgage filed bankruptcy, never turning over to plaintiff the amount owing. After discovering Diamond's fraud, plaintiff demanded payment from the Fends and then initiated this action to foreclose on the Peach mortgage.

Defendants argue initially that the trial court erred in granting summary disposition, because Diamond Mortgage had actual or apparent authority as plaintiff's agent to receive a prepayment of the mortgage. A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. Courts are liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988). Where there is a disputed question of agency, any testimony, either direct or inferential, tending to establish agency creates a question of fact for the jury to determine. *Jackson v Goodman,* 69 Mich App 225, 230; 244 NW2d 423 (1976), citing *Miskiewicz v Smolenski,* 249 Mich 63, 70; 227 NW 789 (1929).

An agency relationship may arise when there is a manifestation by the principal that the agent may act on his account. 1 Restatement Agency, 2d, § 15, p 82. The test of whether an agency has been created is whether the principal has a right to control the actions of the agent. *Little v Howard*

*Johnson Co,* 183 Mich App 675; 455 NW2d 390 (1990).

In this case, a fact question exists concerning whether Diamond acted as plaintiff's agent. A jury could find that plaintiff had control over Diamond, since he could have terminated Diamond's collection activities. That fact was evidenced by a showing that, at the time in question, he was collecting payments from another mortgagor, directly.

The authority of an agent to bind the principal may be either actual or apparent. Actual authority may be express or implied. Implied authority is the authority which an agent believes he possesses. After the agency relationship and the extent of the agent's authority have been shown, the principal has the burden of proving that the agent's authority was limited. 3 Am Jur 2d, Agency, § 359, p 870.

An agent has implied authority from his principal to do business in the principal's behalf in accordance with the general custom, usage and procedures in that business. See 1 Restatement Agency, 2d, § 36, p 124. However, the principal must have notice that the customs, usages and procedures exist. *Id.*

In the case on appeal, defendants argue that it is a usual practice in the mortgage industry for servicing companies to accept prepayments. Whether this custom does in fact exist and whether plaintiff had knowledge of it are fact questions not properly disposed of in a motion for summary disposition.

Moreover, there exists in this case a genuine issue of material fact as to whether Diamond Mortgage had apparent authority. Apparent authority may arise when acts and appearances lead a third person reasonably to believe that an

agency relationship exists. 3 Am Jur 2d, Agency, § 19, p 524.

Apparent authority must be traceable to the principal and cannot be established by the acts and conduct of the agent. *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263, 271; 288 NW2d 613 (1979). In determining whether an agent possesses apparent authority to perform a particular act, the court must look to all surrounding facts and circumstances. *Id.* The question here is whether an ordinarily prudent person, conversant with mortgage lending, would be justified in assuming Diamond had the authority to accept prepayment of the mortgage. *Id.,* 271-272.

Plaintiff argues that no apparent authority could exist, because he had recorded the assignment of the mortgage; a reasonable person would have made the prepayment only to the noteholder.

However, plaintiff's recording does not answer the question whether Diamond Mortgage had authority to accept prepayments for plaintiff. Defendants were never given notice that they were required to forward payments directly to plaintiff as opposed to his servicing agent. A question of fact exists whether, based on plaintiff's actions, defendants were reasonable in their belief that Diamond had authority to accept the prepayment.

Finally, there is a genuine issue of material fact as to whether plaintiff is estopped from denying that Diamond Mortgage had apparent authority to accept prepayments.

> Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of the principal the particular act, and

such particular act has been performed, the principal is estopped from denying the agent's authority to perform it. [*Central Wholesale Co v Sefa,* 351 Mich 17, 26-27; 87 NW2d 94 (1957), citing *Faber v Eastman, Dillon & Co,* 271 Mich 142, 145; 259 NW 880 (1935).]

Based on our conclusion that summary disposition was inappropriate in this case, we decline to address defendants' remaining issues.

Reversed and remanded. We do not retain jurisdiction.