AUTO-OWNERS INSURANCE COMPANY v MICHIGAN MUTUAL INSURANCE COMPANY

Docket Nos. 184788, 184812. Submitted November 20, 1996, at Detroit. Decided April 25, 1997, at 9:10 A.M. Leave to appeal sought.

Auto-Owners Insurance Company brought an action in the Wayne Circuit Court against Michigan Mutual Insurance Company, Central Insurance Center, and others, seeking reimbursement for no-fault automobile insurance benefits paid on claims assigned to Auto-Owners by the Assigned Claims Facility. The claimants had sustained injuries as passengers of an automobile whose owners had gone to Central Insurance, an independent insurance agency, to obtain insurance pursuant to the statutes governing the Michigan Automobile Insurance Placement Facility. Central Insurance had issued a certificate of insurance for immediate coverage by Michigan Mutual upon the automobile owners' tender of a $500 premium deposit. However, a double premium deposit, or $1,000, was required for immediate coverage under the policy administration and service standards of the Michigan Automobile Insurance Placement Facility. The claimants had sustained their injuries before the actual effective date of Michigan Mutual's policy, and Michigan Mutual had denied their claims for lack of coverage. The court, John A. Murphy, J., on motions for summary disposition by Auto-Owners, Michigan Mutual, and Central Insurance, granted summary disposition for Central Insurance and for Auto-Owners as against Michigan Mutual. Michigan Mutual and Auto-Owners appealed. The appeals were consolidated.

The Court of Appeals *held*:

1. Auto-Owners, as the claimants' subrogee, has standing to sue Central Insurance under theories of third-party beneficiary and negligence. The owners of the automobile, in attempting to obtain automobile insurance, were contemplating possible injury to unidentified third parties, and the insurance coverage was for the direct benefit of third parties who might be injured through the owners' negligence. Central Insurance owed a duty, actionable for negligence, to those who would foreseeably benefit from the insurance contract or who would be injured by the negligent failure to procure insurance. The trial court erred in granting summary disposition for Central Insurance on the ground that Auto-Owners lacked

standing. In light of outstanding questions of fact concerning whether the owners of the automobile told Central Insurance that immediate coverage was needed, whether Central Insurance told the owners of the automobile that an additional premium was required for immediate coverage, and whether Central Insurance was negligent, the trial court did not err in denying Auto-Owners' motion for summary disposition.

2. Michigan Mutual is not estopped from denying coverage as against innocent third parties. Such estoppel applies where an insurer seeks to rescind a contract of insurance, not where, as here, no valid contract of insurance was in effect when the third parties were injured. Michigan Mutual is not bound by the certificate of insurance issued by Central Insurance inasmuch as Central Insurance was not an actual or apparent agent of Michigan Mutual, but was in fact the agent of the owners of the automobile, and therefore could not bind Michigan Mutual to provide immediate coverage in the absence of the required premium. The trial court erred in denying summary disposition for Michigan Mutual and in granting summary disposition for Auto-Owners as against Michigan Mutual. On remand, the trial court must dismiss Auto-Owners' claim against Michigan Mutual.

Affirmed in part, reversed in part, and remanded for trial.

CORRIGAN, J., dissenting in part, stated that Auto-Owners, as the subrogee of the injured claimants' rights to indemnity or reimbursement, has no cause of action against Central Insurance in light of the fact that the claimants, having been paid by Auto-Owners, are not entitled to additional monies and in light of the fact that the no-fault act does not expressly provide a cause of action of the type Auto-Owners raises against Central Insurance, nor can such cause of action be inferred from the no-fault act.

1. INSURANCE — AUTOMOBILES — THIRD-PARTY BENEFICIARIES — INDEPENDENT AGENTS — NEGLIGENCE.

A passenger who is injured in an uninsured automobile, or the insurer to whom the passenger's claim for no-fault benefits is assigned and that acquires the passenger's rights by subrogation, may sue an independent agent who fails to procure insurance for the automobile as requested by its owner; the passenger is a third-party beneficiary of the contract for insurance between the owner and the independent agent and is owed by the agent a duty, actionable for negligence, as one who would foreseeably benefit from insurance and who would be injured by the agent's failure to procure insurance.

2. INSURANCE — ESTOPPEL — INNOCENT THIRD PARTIES.

An insurer who seeks to rescind a contract of liability insurance is estopped from denying coverage as against an innocent third party injured while insurance was in effect; an insurer who asserts that insurance was not in effect at the time of the third party's injury is not estopped from denying coverage.

3. INSURANCE — INDEPENDENT INSURANCE AGENTS.

An independent insurance agent is an agent of the insured, not the insurer, and does not bind the insurer to a certificate of liability insurance issued by the agent with an error concerning the effective date of coverage.

*Anselmi & Mierzejewski, P.C.* (by *Timothy W. Mizerowski*), for Auto-Owners Insurance Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *William F. Rivard*), for Michigan Mutual Insurance Company.

*Kohl, Secrest, Wardle, Lynch, Clark, and Hampton* (by *Janet Callahan Barnes*), for Central Insurance Center.

Before: DOCTOROFF, C.J., and CORRIGAN and R. J. DAN-HOF*, JJ.

DOCTOROFF, C.J. In this action, plaintiff Auto-Owners Insurance Company seeks reimbursement from defendants for no-fault insurance benefits plaintiff paid to motor vehicle passengers who were injured in an automobile accident. In Docket No. 184812, the trial court granted defendant Central Insurance Center's motion for summary disposition and denied plaintiff's motion for summary disposition. We reverse the trial court's order granting summary disposition in favor of Central Insurance and affirm the trial court's denial of plaintiff's motion for summary disposition.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

We remand for a trial on the merits with respect to this claim.

In Docket No. 184788, the trial court granted plaintiff's motion for summary disposition against defendant Michigan Mutual Insurance Company and denied Michigan Mutual's motion for summary disposition. We reverse these decisions and order that plaintiff's claims against Michigan Mutual be dismissed.

The facts leading up to this litigation are as follows: defendant Rudy Conaway sought automobile insurance for a 1988 Lincoln automobile owned by defendants Uni Trans Limousine, United Limousine Service, Lee M. Conaway, and Rudy Conaway (these defendants will be referred to collectively as Conaway). On February 8, 1991, Conaway approached Central Insurance, seeking immediate insurance for the Lincoln. Central Insurance did not act as Conaway's insurer, but as Conaway's agent. Pursuant to the statutes governing the Michigan Automobile Insurance Placement Facility (MAIPF), MCL 500.3301 et seq.; MSA 24.13301 et seq., Central Insurance attempted to procure insurance for Conaway through defendant Michigan Mutual.[1] On February 8, 1991, Conaway tendered a $500 premium deposit to Central Insurance and was issued a certificate of insurance stating that the vehicle was insured by Michigan Mutual effective February 9, 1991, at 12:01 P.M. However, pursuant to the Policy Administration and Service Standards of the MAIPF User's Manual, Section III(C)(1), a tender of double the premium deposit is required for immediate cover-

---

[1] The MAIPF is a statutorily mandated program whose goal is to guarantee automobile insurance coverage to those who may be unable to procure insurance through ordinary methods. MCL 500.3301(1); MSA 24.13301(1).

age. Conaway, however, tendered only the $500 deposit, not the $1,000 necessary for immediate coverage. Central Insurance claims that its agent informed Conaway that insurance would not be effective until the policy arrived from Michigan Mutual. Conaway disputes being told that the insurance would not be immediately effective and claims that they relied on the certificate stating that the policy became effective on February 9, 1991.

On February 11, 1991, Conaway was operating the Lincoln when it became involved in an accident. Claimants, who were customers of Conaway's limousine service, were paying passengers in the automobile at the time of the accident. Claimants were injured and attempted to collect no-fault benefits from Michigan Mutual. Michigan Mutual denied coverage, claiming that under the MAIPF, Conaway's tender of $500 was insufficient to confer immediate insurance coverage. Michigan Mutual argued that its coverage did not become effective until it issued a policy on February 13, 1991. Claimants then filed a claim with the Assigned Claims Facility pursuant to MCL 500.3171 *et seq.*; MSA 24.13171 *et seq.*, and claimants' no-fault benefit claims were assigned to plaintiff. Plaintiff paid benefits to the claimants and now seeks reimbursement from defendant Michigan Mutual or defendant Central Insurance Center. Claimants' and Conaway's causes of action were assigned to plaintiff and, thus, they are not parties to this appeal.

I

In Docket No. 184812, the trial court found that the no-fault act contained no indication that the Legislature intended to create a cause of action by third par-

ties against an insured's agent. Further, the trial court found that plaintiff had no common-law right to indemnity or reimbursement from Central Insurance. Accordingly, the trial court granted defendant's motion for summary disposition. On appeal, plaintiff claims that, as subrogee of claimants, it could bring an action against Central. We agree and reverse the trial court's order granting summary disposition to Central Insurance.

Plaintiff in this case is an insurer that was assigned the claims of the passengers in the automobile operated by Conaway. Plaintiff seeks reimbursement from defendants, who, according to plaintiff, are the parties who should have paid claimants. Actions for reimbursement by insurers to which claims are assigned are governed by MCL 500.3175(2); MSA 24.13175(2), which provides in part:

> The insurer to whom claims have been assigned shall preserve and enforce rights to indemnity or reimbursement against third parties and account to the assigned claims facility therefor and shall assign such rights to the assigned claims facility upon reimbursement by the assigned claims facility.

Pursuant to the plain language of the statute, plaintiff has both the authority and the duty to enforce any available rights to indemnity or reimbursement that could have been pursued by claimants against third parties. This Court has noted that the term "third parties," as used in MCL 500.3175; MSA 24.13175, is not limited to tortfeasors, *Allen v Farm Bureau Ins Co*, 210 Mich App 591, 598; 534 NW2d 177 (1995), and thus is applicable to defendants.

Because the claimants became plaintiff's insured by operation of the assigned-claims statute, plaintiff acquired all the rights and claims of its insured under the doctrine of equitable subrogation. See *Citizens Ins Co of America v Buck*, 216 Mich App 217, 225-227; 548 NW2d 680 (1996). The central question for this Court is whether Central Insurance, as Conaway's insurance agent, owed a duty to Conaway's passengers, which would give rise to a negligence claim against Central Insurance. This is an issue of first impression in Michigan; thus, we will examine precedent from jurisdictions that have considered the issue.

Most of the jurisdictions that have considered whether an injured third party may bring an action against an insurance agent have permitted such a claim. 72 ALR4th 1095. Some of these decisions relied on a negligence theory, some on a third-party beneficiary theory, and some on both. In attempting to establish that claimants had standing to sue Central Insurance, plaintiff pursued a third-party beneficiary theory and a negligence theory.

In order to have standing to sue Central Insurance under a third-party beneficiary theory, plaintiff, as claimants' subrogee, must show that claimants were intended beneficiaries of the alleged contract between Conaway and Central Insurance. *Paul v Bogle*, 193 Mich App 479, 491; 484 NW2d 728 (1992). In determining whether a third party is an intended beneficiary, an objective test is used. *Id.* In *Eschle v Eastern Freight Ways, Inc*, 128 NJ Super 299; 319 A2d 786 (1974), the Superior Court of New Jersey found that it is " 'a fair and reasonable inference' " that, in attempting to obtain automobile insurance, the

insured was "'contemplating possibl[e] injury to unidentified third parties, and the insurance coverage was for the direct benefit of third parties who might be injured through [the insured's] negligence.'" *Id.* at 304, quoting *Gothberg v Nemerovski*, 58 Ill App 2d 372, 385; 208 NE2d 12 (1965). The Massachusetts Supreme Court has also held that an injured third party is an intended beneficiary of a contract between an applicant and an insurance agent to obtain insurance. *Flattery v Gregory*, 397 Mass 143, 148-151; 489 NE2d 1257 (1986).

We agree with the above jurisdictions and find that, when Conaway attempted to purchase insurance for the Lincoln, intended beneficiaries of the alleged insurance contract included unspecified passengers in the car such as claimants. Accordingly, plaintiff, as the subrogee of claimants, has standing to sue Central Insurance under a third-party beneficiary theory.

We also find that plaintiff has standing to sue under a negligence theory. Central Insurance argues that a negligence theory is inapplicable because it had no duty to protect claimants. However, "those foreseeably injured by the negligent performance of a contractual undertaking are owed a duty of care." *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703, 708; 532 NW2d 186 (1995). Thus, Central Insurance, as an insurance agent, owed a duty to those who would foreseeably benefit from the insurance contract or who would be injured by the negligent failure to procure insurance. It was foreseeable that third parties such as claimants, who were paying customers of Conaway's limousine service, could be injured while riding in Conaway's automobile. Claimants clearly would have benefited had the automobile

been insured. The fact that claimants were not in privity of contract with Central Insurance does not bar claimants (or plaintiff as claimants' subrogee) from recovering in tort. *Id.* at 708-710. If, at trial, plaintiff could establish that a contract to procure insurance was made between Central Insurance and Conaway, it would be established that Central Insurance owed a duty to claimants. Whether a contract was formed, whether Central Insurance performed the contract properly, and whether claimants were injured as a result of negligent performance are questions of fact for a jury.

We find that the trial court erred in ordering summary disposition in favor of Central Insurance on the ground that plaintiff lacked standing. The differing testimony of Conaway and Central Insurance's representative raised genuine issues of fact concerning whether Conaway told Central Insurance that immediate coverage was needed, whether Central Insurance told Conaway that an additional premium was required for immediate coverage, and whether Central Insurance was negligent in issuing the certificate of insurance indicating that coverage was effective on February 9, 1991, despite that the necessary funds for immediate coverage were not tendered. Because there were genuine issues of material fact that are properly for the trier of fact, the trial court properly denied plaintiff's motion for summary disposition.

We reverse the trial court's order granting Central Insurance's motion for summary disposition, we affirm the trial court's denial of plaintiff's motion for summary disposition against Central Insurance, and we remand for a trial on the merits with respect to this issue.

II

In Docket No. 184788, the trial court granted plaintiff's motion for summary disposition against Michigan Mutual and denied Michigan Mutual's motion for summary disposition. The trial court found that, because a certificate of insurance was issued indicating that coverage had begun at the time of the accident, and because claimants were innocent third parties, Michigan Mutual was estopped from denying coverage. We disagree with the trial court and reverse its decisions regarding the motions for summary disposition.

For its conclusion that Michigan Mutual was estopped from denying coverage, the trial court principally relied on *Katinsky v Auto Club Ins Ass'n*, 201 Mich App 167; 505 NW2d 895 (1993). In that case, McBride wrote the insurance company a check, and the company issued insurance. Soon thereafter, the plaintiff was involved in an accident with McBride and filed a claim with McBride's insurer. However, McBride's check was returned for insufficient funds, so the insurance company notified McBride that his policy was canceled because of nonpayment. This Court found that the insurer's right to rescind the insurance contract ceases to exist once there is a claim involving an innocent third party. The Court found that public policy requires that an insurer be estopped from asserting rescission when a third party has been injured.

In *Katinsky*, unlike in the instant case, the contract had already been issued at the time of the accident and thus the case dealt with the *rescission* of a contract. However, in this case, Michigan Mutual did not seek to rescind a contract, but it contends that no

valid contract was in effect at the time of the accident. This Court has recognized the distinction between a case in which an insurer attempts to rescind a contract and a case, such as this, where the contract had not yet come into effect. *Auto-Owners Ins Co v Johnson*, 209 Mich App 61, 64-65; 530 NW2d 485 (1995). Accordingly, *Katinsky* is distinguishable from this case and we find that the trial court erred in concluding that Michigan Mutual was estopped from denying coverage to claimants on the basis of *Katinsky*.

The principal question raised in this case is whether Michigan Mutual was bound to coverage by the certificate of insurance issued by Central Insurance. The certificate stated that coverage began on February 9, 1991. If Michigan Mutual was bound by that certificate, it would be liable for the benefits paid to claimants by plaintiff. We find, however, that Michigan Mutual was not bound by the certificate issued by Central Insurance and, thus, the trial court erred in denying Michigan Mutual's motion for summary disposition.

When Conaway sought insurance through Central Insurance, the application stated that Central Insurance was not acting as an agent of any company, but was acting as an agent for the applicant. In addition, it is well established that "an independent insurance agent or broker is an agent of the insured, not the insurer." *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 254; 535 NW2d 207 (1995). Conaway's agent at Central Insurance testified at deposition that he was an independent insurance agent, and his signature appears on the insurance application, which

states that he was the agent of the insured, not the insurer.

Plaintiff concedes that Central Insurance was acting as an independent agent, but it contends that there was an implied agency relationship between Central Insurance and Michigan Mutual, such that the certificate issued by Central Insurance bound Michigan Mutual. We disagree.

> The authority of an agent to bind a principal may be either actual or apparent. *Meretta v Peach*, 195 Mich App 695, 698; 491 NW2d 278 (1992). Actual authority may be either express or implied. Implied authority is the authority that an agent believes the agent possesses. *Id.* Apparent authority arises where the acts and appearances lead a third person reasonably to believe that an agency relationship exists. However, apparent authority must be traceable to the principal and cannot be established only by the acts and conduct of the agent. *Id.*, pp 698-699. [*Alar v Mercy Memorial Hosp*, 208 Mich App 518, 528; 529 NW2d 318 (1995).]

Plaintiff has acknowledged that Central Insurance was an independent agency. Thus, claimants (plaintiff's subrogors) could not have believed that Central Insurance had the authority to bind Michigan Mutual. Despite plaintiff's contention, the insurance application did not specifically state that Central Insurance had the authority to effect automobile insurance for Michigan Mutual specifically. Rather, the application merely stated that Central Insurance had the authority to effect automobile insurance "for a member of the facility." By statute, all insurers are required to belong to the facility. MCL 500.3301; MSA 24.13301. Thus, the application did nothing to imply that Central Insurance had the specific authority to bind Mich-

igan Mutual to a contract of insurance. Because Conaway failed to tender double the $500 deposit to Central Insurance, Michigan Mutual was not obligated by the rules of the MAIPF to grant immediate coverage. We decline to hold Michigan Mutual liable for a contract to which neither it nor its agent consented.

Because Michigan Mutual had issued no policy at the time of the accident and because Central Insurance had no implied or apparent authority to bind Michigan Mutual to immediate coverage, the trial court erred in granting summary disposition in favor of plaintiff and denying Michigan Mutual's motion for summary disposition. Accordingly, we reverse these decisions and order that plaintiff's claim against Michigan Mutual be dismissed.

In Docket No. 184812, we reverse in part, affirm in part, and remand for a trial on the merits.

In Docket No. 184788, we reverse the orders granting summary disposition in favor of plaintiff and denying Michigan Mutual's motion for summary disposition. Plaintiff's claim against Michigan Mutual is dismissed.

R. J. DANHOF, J., concurred.

CORRIGAN, J. *(concurring in part and dissenting in part)*. I concur in part II of the majority opinion without reservation regarding Docket No. 184788. First, the insurance contract had not come into effect when the accident occurred. Second, defendant Michigan Mutual Insurance Company was not bound by defendant Central Insurance Center's actions because Central did not act as an agent for Michigan Mutual and had no authority to bind Michigan Mutual.

I respectfully dissent, however, from the majority's implicit conclusion in part I regarding Docket No. 184812. I disagree that plaintiff Auto-Owners Insurance Company has a cause of action as subrogee against the insured's agent, Central, under the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*

Plaintiff Auto-Owners asserts that MCL 500.3175(2); MSA 24.13175(2) permits it to maintain a cause of action for reimbursement against Central because Central failed to bind properly no-fault insurance coverage from Michigan Mutual. MCL 500.3175(2); MSA 24.13175(2) provides in part:

> The insurer to whom claims have been assigned shall preserve and enforce rights to indemnity or reimbursement against third parties and account to the assigned claims facility therefor and shall assign such rights to the assigned claims facility upon reimbursement by the assigned claims facility.

I cannot conclude that the above statutory language creates a separate cause of action for insurers against an insured's agent.

Whether plaintiff has a cause of action under the statute presents a question of statutory interpretation. *Grand Traverse Co v Michigan*, 450 Mich 457, 463-464; 538 NW2d 1 (1995). Statutory interpretation is a question of law, which we review de novo. *Attorney General ex rel Dep't of Natural Resources v Michigan Property & Casualty Guaranty Ass'n*, 218 Mich App 342, 344; 553 NW2d 700 (1996).

When courts construe statutory meaning, their primary goal is to ascertain and give effect to legislative intent. *Farrington v Total Petroleum, Inc*, 442 Mich

201, 212; 501 NW2d 76 (1993); *State Treasurer v Schuster*, 215 Mich App 347, 351; 547 NW2d 332 (1996). This Court first examines the specific statutory language to determine the legislative intent. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). The Legislature is presumed to intend the meaning that the statute plainly expresses. *In re Austin Estate*, 218 Mich App 72, 75; 553 NW2d 632 (1996). Judicial construction of a statute is not permitted where the plain and ordinary meaning of the language is clear. *Id.* at 76.

MCL 500.3175(2); MSA 24.13175(2) allows insurers to enforce rights to indemnity or reimbursement against third parties. As the insurer, plaintiff contends that it may enforce rights to indemnity or reimbursement against Central, the third party. Plaintiff, however, had no direct relationship with Central. Thus, any enforceable rights asserted by plaintiff must arise from the relationship between plaintiff's insured and Central. As the majority opinion points out, plaintiff acquired all the rights and claims of its insureds, the injured third-party claimants. See *Citizens Ins Co of America v Buck*, 216 Mich App 217, 225; 548 NW2d 680 (1996). In essence, plaintiff stands in the shoes of the insureds, the claimants, and plaintiff's rights are limited to those that the claimants could assert. *Allstate Ins Co v Snarski*, 174 Mich App 148, 155; 435 NW2d 408 (1988).

Further, the statute itself limits plaintiff's rights. " 'Where a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only.' " *Monroe Beverage Co, Inc v Stroh Brewery Co,*

454 Mich 41, 45; 559 NW2d 297 (1997) (citation omitted). Under the statute, an insurer may assert only two rights: (1) indemnity and (2) reimbursement. The injured claimants already were made whole by plaintiff's payment of no-fault insurance benefits. The injured claimants are not entitled to additional monies; hence, they have no rights to indemnity or reimbursement against Central. Because the insured claimants do not have such rights, plaintiff does not have such rights to assert on their behalf. Under these facts, neither plaintiff nor the injured claimants have rights to indemnity or reimbursement from Central. Accordingly, the statute does not confer standing upon plaintiff.

My dissent is limited to the interpretation of the no-fault insurance act. Although I decline to expand the no-fault insurance act to accommodate an insurer's action in indemnity or reimbursement under these facts, I make no comment on the viability of an action in negligence or under a third-party beneficiary theory.

Plaintiff further argues that MCL 500.3175(2); MSA 24.13175(2) creates an independent right of action under these circumstances. The common law recognizes no cause of action in indemnity or reimbursement on these facts.[1] If the common law provides no right to relief, and the right to such relief instead is provided by statute, then a plaintiff has *no* private cause of action for enforcement of the right *unless*: (1) the statute expressly creates a private cause of action or (2) a cause of action can be inferred

---

[1] I do not address the other possible common-law causes of action available to plaintiff.

because the statute provides no adequate means of enforcement of its provisions. *Bell v League Life Ins Co*, 149 Mich App 481, 482-483; 387 NW2d 154 (1986). Accordingly, unless the statute expressly created the private cause of action or the cause of action may be inferred because the statute does not provide adequate means to enforce its provisions, courts must dismiss a private cause of action under a statute creating a new right. *Forster v Delton School Dist*, 176 Mich App 582, 585; 440 NW2d 421 (1989).

The statute does not create expressly a private cause of action. As reflected in the statutory language, MCL 500.3175(2); MSA 24.13175(2) protects existing causes of action—it does not create a new cause of action. The statute refers to rights that already exist—indemnity or reimbursement. The statute does not expand the available rights. See *Bell, supra*. As a result, the second question arises: whether a private cause of action may be inferred because the statute does not provide adequate means to enforce its provisions. Because the statute is not designed to provide a comprehensive scheme of enforcement of the rights and duties it creates, no private cause of action may be inferred. See *id*. Plaintiff therefore has no private cause of action under the statute.

I would rule that plaintiff Auto-Owners Insurance Company has no cause of action as subrogee against the insured's agent, Central, under MCL 500.3175(2); MSA 24.13175(2).