# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROBERT GORDON and DEBBIE GORDON,

        Plaintiffs-Appellees,

v

CORNERSTONE RG, LLC d/b/a/
CORNERSTONE RESIDENTIAL GROUP, LLC,
and VILLAS OF HIDDEN LAKE, LLC,

        Defendants-Appellants,

and

DIANE BRAYKOVICH and BECK RD, INC.
d/b/a RE/MAX CLASSIC,

        Defendants.

UNPUBLISHED
March 8, 2016

No. 324909
Livingston Circuit Court
LC No. 13-027588-CK

---

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendants Cornerstone RG, LLC (Cornerstone) and Villas of Hidden Lake, LLC (Villas) appeal as of right the circuit court's judgment in favor of plaintiffs in the amount of $74,642, which the court entered after affirming an arbitration award in that same amount. This case concerns a dispute over whether defendants were contractually bound to sell real property to plaintiffs at a certain price. Plaintiffs brought this action seeking specific performance. After entering a settlement with defendants Diane Braykovich and Beck Rd, Inc., plaintiffs agreed to submit their dispute with the remaining defendants[1] to binding arbitration. The arbitrator refused to grant plaintiffs' request for specific performance, but determined that a contract existed between the parties and that plaintiffs were entitled to damages in the amount of $74,642 as a result of defendants' breach of contract. Plaintiffs then moved to confirm this award, which the trial court granted. Defendants appeal as of right. We affirm.

---

[1] Because plaintiffs settled with Braykovich and Beck Rd, Inc., we use the term "defendants" to refer to Cornerstone and Villas.

-1-

## I. THE ARBITRATION AWARD

The arbitrator made the factual findings in his October 9, 2014 award, which we recount here. Plaintiffs initially communicated with a realtor, Braykovich, about purchasing a condominium unit in the Villas of Hidden Lake. Cornerstone and Villas were partner developers for the Villas of Hidden Lake condominium project (the Development). The principals for both defendants testified that Braykovich was the sales agent for the Development, and the principal for Villas approved any marketing materials that Braykovich created. Plaintiffs obtained marketing materials that included "early bird" pricing for condominium units. Braykovich testified that a buyer could lock in the "early bird" pricing by placing a $1,000 deposit.

On April 7, 2012, plaintiffs executed a Reservation Agreement with Braykovich, which identified a condominium unit, and provided her with a $1,000 deposit. Braykovich sent two e-mails to plaintiffs in April and May of 2012, informing them that they had locked in the "early bird" pricing and that although unit prices were going up, the price for their unit would not. In May 2013, defendants increased the price for both lots and model units and refused to sell plaintiffs a condominium unit at the "early bird" pricing.

The arbitrator concluded that Braykovich was acting as defendants' agent, which meant that her statements and representations were binding on defendants. This included the two e-mails that Braykovich sent to plaintiffs informing them that their purchase price would not go up. The arbitrator concluded that the Michigan Condominium Act (MCA), MCL 559.101 *et seq.*, imposed certain requirements that defendants had not met with respect to the sale of the condominium units. However, the arbitrator determined that defendants could not use their failure to comply with the law as a shield against plaintiffs' action because, if any statutory violation occurred, it was committed by defendants, not plaintiffs.

The arbitrator then concluded that the marketing documents, e-mails, and Reservation Agreement collectively were sufficient to satisfy the statute of frauds. Specifically, the arbitrator found that the consideration to be paid for the unit and lot were set forth in the marketing documents and confirmed by the e-mails sent by Braykovich, and that the e-mails confirmed a meeting of the minds and satisfied the signature requirement. The arbitrator then concluded that "[defendants'] refusal to construct and sell a condominium to [plaintiffs] at the 'early bird' pricing constitutes a breach of the contract which was created." The arbitrator calculated plaintiffs' damages at $74,642, which represented the value of the condominium and lot at the time of breach minus the contract price of the condominium and lot, adjusted for a change in circumstances that occurred when the township approved only 20 units as opposed to the originally proposed 24 units.

Plaintiffs then filed a motion in the circuit court to have the order confirmed and reduced to a judgment. Defendants did not move to vacate the award, nor did they object to plaintiffs' motion to confirm the award. Accordingly, the trial court confirmed the award and entered a judgment in the amount of the award, which defendants now appeal.

## II. ISSUE PRESERVATION

"Generally, to preserve an issue for appellate review, the issue must be raised before and decided by the trial court." *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005). Defendants failed to object to the arbitration award in the circuit court, either by

moving to vacate the award or by responding to plaintiffs' motion to confirm the award, rendering their arguments unpreserved on appeal. Defendants contend that they were only required to assert their arguments before the arbitrator, not the circuit court, because the "trial court" for purposes of arbitration proceedings is the arbitrator. Alternatively, defendants argue that MCL 691.1708 does not allow an appeal from an order denying a motion to vacate an arbitration award, but rather only from an order confirming or denying an award or an order granting a motion to vacate an award. Both arguments are unavailing.

The Uniform Arbitration Act, MCL 691.1681 *et seq.*, provides that "arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award." MCL 691.1706. MCL 691.1705 states that an award can be "enforced as any other judgment in a civil action." Further, MCL 691.1708 provides that an appeal can be taken, not from an arbitrator's award, but rather from an order confirming, denying, vacating, correcting, or modifying the award, or from a final judgment entered. Therefore, the "trial court" for purposes of issue preservation is the court in which the parties filed the action and which has the power to enter enforceable judgments and orders.

MCL 691.1708 states that an appeal may be taken from an order confirming or denying confirmation of an arbitration award or an order vacating an award, and, additionally, it does not state that an appeal may be taken from an order denying a motion to vacate an award. This is consistent with MCR 7.203(A), which provides that this Court has jurisdiction to hear an appeal as of right from a final judgment. The Michigan Court Rules define "final judgment" as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order." MCR 7.202(6)(a)(*i*). An order denying a motion to vacate an arbitration award is not a final judgment because it does not dispose of all of the rights and liabilities of the parties. Contrary to defendants' contention, a party that files and loses a motion to vacate an arbitration award is not prevented from filing an appeal as of right from subsequent or simultaneous orders confirming or denying the arbitration award, which constitute final judgments. Further, although defendants correctly note that their decision not to file a motion to vacate or to object to plaintiffs' motion to confirm the arbitration award does not waive their right to appeal a final judgment of the trial court, see MCR 7.203(A), defendants' inaction does render their arguments unpreserved on appeal.

## III. ANALYSIS

Defendants present two arguments in support of their assertion that the circuit court erred by confirming the arbitration award. Defendants argue that the arbitrator's conclusion that an enforceable contract existed between the parties is contrary to the MCA. Additionally, defendants argue that the arbitrator erred by finding that an enforceable contract existed and that the contract satisfied the statute of frauds. Because defendants' claims are unpreserved, we review them for plain error. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (citation and quotation marks omitted).

"[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must

-3-

have been made, the award and decision will be set aside." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 443; 331 NW2d 418 (1982) (citation and quotation marks omitted; alteration in original). Further, "[t]he character or seriousness of an error of law which will invite judicial action . . . must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Id*. In reviewing arbitration awards, appellate courts should "focus upon the materiality of the legal error . . . and not upon the question whether the law was so well settled, widely known, or easily understood that the arbitrators should have known of it." *Id*. at 443-444; see also *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

## A. THE MICHIGAN CONDOMINIUM ACT

The MCA states that a condominium project "shall be established upon the recording of a master deed that complies with this act" and that "a condominium unit shall not be sold by or on behalf of the developer before a master deed is recorded." MCL 559.172(1) and (2). Section 83 additionally provides that a developer and a party can enter into a preliminary reservation agreement to reserve a condominium for a future purpose. MCL 559.183.

To the extent that it is evident on the face of the arbitration award that the master deed had not been recorded, this does not invalidate the contract the parties executed. Initially, we acknowledge that MCL 559.172 precludes condominium developers, like defendants, from selling units before the recording of the master deed, and we also acknowledge that contracts created in violation of a statute are void. *Mich Mut Auto Ins Co v Reddig*, 129 Mich App 631, 634-635; 341 NW2d 847 (1983). However, in determining whether legal error exists on the face of the arbitration award, it is important to examine the language used in the award's conclusion. It reads that "it is concluded that [defendants'] refusal to construct and sell a condominium to [plaintiffs] at the 'early bird' pricing constitutes a breach of the contract which was created." Considering this language, we conclude that the contract that the arbitrator found in existence between the parties was not a contract for the sale of a condominium unit, but was rather an option contract to hold the price of the condominium unit at the low "early bird" pricing in exchange for a $1,000 deposit. It was not defendants' refusal to sell plaintiffs a condominium that constituted the breach in the arbitrator's decision, but rather their refusal to sell the condominium *at the specified price*. Nothing in the language of the MCA prohibited the parties from entering into an option contract to reserve a particular price for a condominium unit.

Additionally, MCL 559.183 specifically allows parties to enter into reservation agreements, and, contrary to defendants' assertions, nothing in the language of the statute precludes such agreements from being binding on the parties. To overturn the arbitrator's award, an error must be "evident from the face of the award" and must be so substantial that it was outcome determinative. *Gordon*, 438 Mich at 497. The face of the arbitration award shows that the contract in this case was an option contract, not a contract for the sale of a condominium unit. Therefore, the MCA's prohibition on developers selling condominium units before the recording of the master deed does not operate to void the contract.

## B. STATUTE OF FRAUDS

Defendants next contend that the arbitrator erred by concluding both that Braykovich had the authority to bind defendants to the contract and that the contract satisfied the statute of frauds. As discussed above, the contract between plaintiffs and defendants was not a contract for

the sale of a condominium unit, which would have conveyed an interest in real property, but rather was an option contract to purchase the condominium at the "early bird" price in exchange for plaintiffs' $1,000 deposit. Under Michigan law, an option contract does not create an interest in land and therefore is not within the statute of frauds. *Marina Bay Condos, Inc v Schlegel*, 167 Mich App 602, 607; 423 NW2d 284 (1988); *Randolph v Reisig*, 272 Mich App 331, 338; 727 NW2d 388 (2006). The agreement in this case established the parties, the condominium unit at issue, the sales price of the unit, and was supported by valuable consideration. Accordingly, a valid option contract existed, and the agreement was not required to satisfy the statute of frauds to be enforceable against defendants.[2]

Further, the arbitrator's conclusion that Braykovich had the ability to bind defendants to the agreement was not plainly erroneous. "The authority of an agent to bind the principal may be either actual or apparent." *Meretta v Peach*, 195 Mich App 695, 698; 491 NW2d 278 (1992). When a principal cloaks an agent with apparent authority to do an act, the principal is bound thereby if the apparent authority is traceable back to the principal. *Richards v Lowrie & Webb Lumber Co*, 317 Mich 42, 46; 26 NW2d 590 (1947). "Actual authority may be express or implied." *Meretta*, 195 Mich App at 698. Implied authority is the authority that an agent believes he or she possesses. *Id*. In this case, Braykovich's authority to bind defendants was supported by the admissions of both of defendants' principals that Braykovich had the authority to act as their sales agent and indeed acted in that capacity. Braykovich also testified that she was an agent of defendants and that she was authorized to offer potential customers pricing on the units. Under these facts, the arbitrator did not plainly err by concluding that Braykovich had the authority, either actual or apparent, to execute the option contract with plaintiffs. Therefore, the arbitrator's award in favor of plaintiffs was proper, and the circuit court did not err by confirming the award and entering judgment in favor of plaintiffs.

Affirmed.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

---

[2] Although the arbitrator improperly concluded that the contract at issue was a contract for the sale of real property, rather than an option contract that did not create an interest in land, the arbitrator's misapplication of the law does not require us to set aside the arbitration award because the arbitrator reached the correct result. See *Gavin*, 416 Mich at 443 (explaining that an arbitration award need only be set aside when a legal error "led to a wrong conclusion").