# STATE OF MICHIGAN

# COURT OF APPEALS

---

CITIZENS INSURANCE COMPANY OF
AMERICA,

Plaintiff-Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

UNPUBLISHED
March 17, 2016

No. 325402
Macomb Circuit Court
LC No. 2013-002789-NF

---

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

In this action for reimbursement under the no-fault act, MCL 500.3101, *et. seq.*, defendant Auto-Owners Insurance Company appeals as of right the trial court's order granting summary disposition in favor of plaintiff Citizens Insurance Company of America pursuant to MCR 2.116(C)(10). We affirm.

Michael Brown and Nonya Williams entered into an agreement with Wise Auto, a used car dealer, for the purchase of a car. While driving that car at a later date, an accident occurred and Nonya and her two daughters were injured. Nonya and her daughters, being unable to identify a no-fault insurer, filed a claim with the Michigan Assigned Claims Plan (MACP). The MACP assigned the claim to plaintiff and plaintiff paid the required benefits under the no-fault act.

After discovering that Wise Auto had legal title to the vehicle in question on the date of the accident, plaintiff filed the present suit against defendant, alleging that defendant insured the owner of the vehicle and was therefore a higher priority insurer under the no-fault act pursuant to MCL 500.3114(4). Plaintiff and defendant filed motions for summary disposition. Defendant argued that it did not insure the owner of the vehicle because Wise Auto did not own the vehicle.

-1-

Specifically, defendant posited that Wise Auto was not an owner because it had leased the vehicle to Michael and Nonya and therefore was not an owner pursuant to MCL 500.3101(2)(k)(*iii*).[1] Plaintiff argued that, contrary to the assertion by defendant, the transaction involving Wise Auto and Michael and Nonya was a sale, not a lease. Without that exception, Wise Auto held legal title to the vehicle in question and was an owner of the vehicle, and defendant was an insurer of an owner. Considering this, plaintiff demanded reimbursement.

The trial court heard the competing motions and agreed with plaintiff. The trial court held that no reasonable juror would determine that the transaction in question was a lease where the document memorializing the transaction did not contain the word lease, Michael and Nonya provided deposition testimony that they intended to purchase the vehicle, and the document referred to Michael and Nonya as "buyer[s]," the price to be paid as the "purchase price," and indicated that the car was "sold as is." The only evidence to the contrary was testimony from the treasurer of Wise Auto, Christopher Wisniewski, that the transaction in question was a short-term lease with an option to buy. As previously stated, the trial court held there was no genuine issue of material fact that the transaction was not a lease, and therefore the trial court granted summary disposition and ordered defendant to reimburse no-fault benefits paid by plaintiff in the amount of $62,540.52.

On appeal, defendant argues that summary disposition, and consequentially judgment in favor of plaintiff, was improper because defendant's insured, Wise Auto, was not an owner of the vehicle on the date of the accident. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*.

The primary question is whether defendant was a higher priority insurer than plaintiff. An individual "entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury." MCL 500.3172(1). Pursuant to MCL 500.3175(1), once a claim is made to the MACP, that claim will be assigned to a no-fault insurer operating in the state—in this case, plaintiff. In such instances as referenced in the statute, the MACP and its assignee are the lowest priority insurers. *Spencer v Citizens Ins Co*, 239 Mich App 291, 301; 608

---

[1] At the time the pertinent events in this case occurred and the trial court made its ruling, this statute was codified as MCL 500.3101(2)(h)(*ii*). It was changed during the pendency of this appeal.

NW2d 113 (2000). The insurer that receives the claim, however, "shall preserve and enforce rights to indemnity or reimbursement against third parties[.]" MCL 500.3175(2). The "third parties" referenced in MCL 500.3175(2) has been held by this Court to include higher priority insurers. *Auto-Owners Ins Co v Michigan Mut Ins Co*, 223 Mich App 205, 210; 565 NW2d 907 (1997). Considering this, because plaintiff was the assignee of the MACP in this case, plaintiff has a right to seek reimbursement from higher priority insurers that should have paid the no-fault benefits in the first place.

A personal protection insurance policy, required of the owner or registrant of a motor vehicle under MCL 500.3101(1), "applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." MCL 500.3114(1). If this highest priority insurer is not identifiable, the no-fault act provides the next level of priority of insurers, codified at MCL 500.3114(4):

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.
>
> (b) The insurer of the operator of the vehicle occupied.

In other words, "[a] person who suffers bodily injury while the occupant of a motor vehicle and who has no available insurance policy of his or her own or through his or her family must claim PIP benefits from the insurer of the owner or the registrant of the vehicle occupied[.]" *Amerisure Ins Co v Coleman*, 274 Mich App 432, 435; 733 NW2d 93 (2007).

Considering that the MACP assignee is the lowest priority insurer, and that the insurer of the owner of the vehicle is higher priority, defendant would be a higher priority insurer if Wise Auto was an owner of the vehicle at the time of the accident. In relevant part, MCL 500.3101(2)(k)(*iii*) states that:

> (k) "Owner" means any of the following:
>
> * * *
>
> (*iii*) A person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days.

Considering the plain language of that statute as this Court must, *In re Harper*, 302 Mich App 349, 354-355; 839 NW2d 44 (2013), the holder of legal title to a vehicle is that vehicle's owner, unless the holder leased the vehicle to someone else, was in the business of leasing vehicles, and the lease term was greater than 30 days. See MCL 500.3101(2)(k)(*iii*).

It is undisputed in this case that Wise Auto held legal title to the vehicle in question on the day of the accident. Therefore, Wise Auto is an owner of the vehicle unless it leased the vehicle to Michael and Nonya. The no-fault act does not define the term "lease" as related to MCL 500.3101(2)(k)(*iii*). "Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions." *Anzaldua v Neogen Corp*, 292 Mich App 626, 632; 808 NW2d 804 (2011). Black's Law Dictionary (10th Ed, 2014) defines a lease as "[a] contract by which a rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration[.]"

We agree with the trial court that no reasonable juror could determine that the transaction in question was a lease. The sales document acting as the receipt for the transaction contains absolutely no reference to a lease. It never uses the word lease, lessee, lessor, rent, lease-to-own, or lease with the option to buy. Instead, the form refers to Michael and Nonya as "buyer[s]," the price to be paid as the purchase price, and indicates that the car was "sold as is." Further, Michael and Nonya expressed no understanding that the transaction was a lease. Even considering Wisniewski's testimony that the transaction was a lease, Wisniewski signed the document in question that called the transaction a sale or purchase, and never referenced a lease. Therefore, there was no genuine issue of material fact that this transaction was not a lease. Considering this, Wise Auto was an owner of the vehicle, defendant insured Wise Auto, and as such, defendant was a higher priority insurer than plaintiff, entitling plaintiff to reimbursement. MCL 500.3101(2)(k)(*iii*); MCL 500.3114(4); MCL 500.3175(2). Given our disposition, it is unnecessary for us to address the parties' additional arguments on appeal.

Affirmed. Plaintiff, the prevailing party, may tax costs. MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello

-4-