*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEN KRUSE,

      Plaintiff-Appellee,

v

PAMELA ALBRING,

      Defendant-Appellant,

and

STEVE ALBRING,

      Defendant.

UNPUBLISHED
May 9, 2019

No. 343705
Lenawee Circuit Court
LC No. 16-005580-NO

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant, Pamela Albring, appeals as of right the judgment of the trial court entered in favor of plaintiff, Ken Kruse, after a jury found defendant vicariously liable for the negligence of her son, Steve Albring. Defendant challenges the earlier order of the trial court denying her motion for summary disposition under MCR 2.116(C)(10). We reverse and remand.

## I. FACTS

On October 14, 2015, plaintiff was injured while working on the roof of defendant's cottage. Plaintiff, who occasionally did roofing, agreed to reroof defendant's cottage as a favor because they were friends. Defendant asked her then 36-year-old son, defendant Steve Albring (Steve), to assist plaintiff with the roofing project.

Plaintiff determined the materials that were necessary for the job and ordered them from a supplier. Defendant paid for the materials, and Steve picked up the materials and delivered them to the cottage. Plaintiff provided all the tools for the project, including the ladders. Plaintiff, Steve, and defendant's grandson, Kyle, met at the work site, then climbed onto the roof using plaintiff's extension ladder, and began removing the old roof. Plaintiff carried loads up

-1-

and down the ladder for about an hour and a half without incident. Unbeknownst to plaintiff, Steve then moved the ladder, but failed to re-hook the latches holding the ladder in place. When plaintiff next stepped on the ladder to descend from the roof, the ladder suddenly "telescoped" down. Plaintiff fell to the ground, breaking his right leg. The parties do not dispute that defendant was not present at the cottage during the roofing project and did not participate in the project in any way, other than paying for the materials.

Plaintiff filed a complaint initiating this action, alleging that his injuries were proximately caused by Steve's negligence that occurred when Steve moved the ladder and failed to re-hook the latches or notify plaintiff that the ladder was not secure. Plaintiff also alleged that defendant was vicariously liable for Steve's negligence because Steve was acting as her agent at the time of the accident. Plaintiff and Steve later entered into a settlement agreement, and Steve was dismissed from the lawsuit.

Defendant moved for summary disposition under MCR 2.116(C)(10), contending that plaintiff had failed to create a genuine issue of material fact that Steve had been acting as her agent. The trial court denied defendant's motion, holding that whether an agency relationship existed was a question of fact for the jury. The jury thereafter found defendant liable for Steve's negligence under the theory that Steve was acting as her agent. Defendant now appeals to this Court from the final judgment of the trial court, challenging the trial court's earlier order denying her motion for summary disposition.

## II. DISCUSSION

Defendant contends that the trial court erred in denying her motion for summary disposition because plaintiff failed to present sufficient evidence to create a genuine issue of material fact that Steve was acting as her agent. We agree.

## A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing an order issued pursuant to MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted). Summary disposition is properly granted under MCR 2.116(C)(10) when the evidence proffered fails to establish a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Dawoud*, 317 Mich App at 520.

## B. AGENCY

In Michigan, a defendant generally can be held liable only for his or her own acts of negligence, and not the negligent actions of others. *Laster v Henry Ford Health System*, 316 Mich App 726, 734; 892 NW2d 442 (2016). However, an exception to this general rule exists

when a principal is held vicariously liable for the actions of the principal's agent. *Id*. at 735. This Court has explained:

> A principal may be vicariously liable to a third party for harms inflicted by his or her agent even though the principal did not participate by act or omission in the agent's tort. Vicarious liability is indirect responsibility imposed by operation of law. Courts impose indirect responsibility on the principal for his or her agent's torts as a matter of public policy, but the principal, having committed no tortious act, is not a "tortfeasor" as that term is commonly defined. Because liability is imputed by law, a plaintiff does not have to prove that the principal acted negligently. Rather, to succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently. [*Id*., quoting *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 347; 852 NW2d 180 (2014) (quotation marks and citations omitted), vacated in part on other grounds, 497 Mich 927 (2014).]

An agent is defined as a person having express or implied authority to act on behalf of another person, known as the principal. *Law Offices of Jeffrey Sherbow v Fieger & Fieger, PC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 338997), slip op at 5. An agency may be created by law, or by express or implied contract, and is a fiduciary relationship in which one person may act on behalf of another person, and thereby bind that other person by words or actions. *Logan v Manpower of Lansing, Inc*, 304 Mich App 550, 559; 847 NW2d 679 (2014). In Michigan, whether a principal-agent relationship exists is determined by whether the principal has the right to control the agent. *Little v Howard Johnson Co*, 183 Mich App 675, 680; 455 NW2d 390 (1990). "Fundamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him." *Rivera v SVRC Industries, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341516), slip op at 7 (quotation marks and citation omitted). Thus, it is the principal's authority to control the agent that justifies the imposition of vicarious liability. *Laster*, 316 Mich App at 735. Because the right to control the conduct of the agent is fundamental to the existence of an agency relationship, *St Clair Intermediate Sch Dist v Intermediate Ed Ass'n/Mich Ed Ass'n*, 458 Mich 540, 558; 581 NW2d 707 (1998), this Court has held that imposing vicarious liability upon a defendant who had no ability to control the alleged negligent act is counter to the supporting rationale underlying the imposition of vicarious liability. *Laster*, 316 Mich App at 739 n 5.

To determine whether an agency has been created, "we consider the relations of the parties as they in fact exist under their agreements or acts and note that in its broadest sense agency includes every relation in which one person acts for or represents another by his authority." *St Clair Intermediate Sch Dist*, 458 Mich at 557 (quotation marks and citation omitted). Whether an agency relationship exits becomes a question of fact for the jury only if there is evidence presented tending to establish agency. See *Meratta v Peach*, 195 Mich App 695, 698-699; 491 NW2d 278 (1992). Thus, a plaintiff alleging agency must present sufficient facts to support the allegation to create a genuine issue of material fact for submission to the jury. If the party opposing a motion for summary disposition under MCR 2.116(C)(10) fails to present evidence to create a genuine issue of material fact, summary disposition is properly granted. *Quinto v Cross & Peters Co*, 451 Mich 358, 363; 547 NW2d 314 (1996).

In this case, a review of the record as it existed at the time of the motion for summary disposition demonstrates that plaintiff failed to allege facts to demonstrate that the relationship between defendant and her son Steve was that of principal and agent. The sole factual allegation of agency alleged by plaintiff is that defendant asked Steve to help plaintiff with the roofing project. The parties agree that plaintiff played no other role in the roofing of the cottage, nor did she have any further role in Steve's work on the project. Plaintiff ascertained what materials were necessary and ordered them; defendant paid for them, and Steve picked up the materials and transported them to the cottage, where the men performed the work without any input from defendant. Defendant was not present at the job site and did not in any way supervise, direct, or control any of Steve's work. In fact, the record evidence establishes that it was plaintiff who directed the execution of the project, including Steve's contributions to the work, not defendant.

Because the right to control the conduct of the agent is fundamental to the existence of an agency relationship, we will not impose vicarious liability upon a defendant who had no ability to control the alleged negligent act. *Laster*, 316 Mich App at 739 n 5. In this case, it is not enough to assert that Steve was defendant's agent; plaintiff was obligated to allege facts to establish that the agency existed. Because plaintiff presented no evidence to support a finding that defendant had any control over the method or manner in which Steve helped plaintiff with the roofing project, he failed to create a genuine issue of material fact that Steve was defendant's agent. When defendant moved for summary disposition on this dipositive issue, plaintiff was not permitted to simply rest on his allegation of agency, but was required to go beyond the pleadings and set forth specific facts demonstrating agency. See *Lowrey*, 500 Mich at 7. Because plaintiff failed to do so, the trial court was obligated to grant summary disposition to defendant.

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica