MONROE BEVERAGE COMPANY, INC v
STROH BREWERY COMPANY

Docket No. 103444. Argued January 15, 1997 (Calendar No. 14). Decided
    March 4, 1997.

Monroe Beverage Company, Inc., brought an action in the Monroe
    Circuit Court against Stroh Brewery Company, alleging that it vio-
    lated the Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.*
    Monroe contended that Stroh failed to appropriately consider and
    consent to the transfer to Monroe of certain rights to distribute
    Stroh products held by Cap Beverage, Inc., after Cap Beverage sold
    its assets, including the Stroh distributorship, to Monroe. The
    court, William F. LaVoy, J., denied Stroh's motion for summary dis-
    position. The Court of Appeals, MARILYN KELLY, P.J., and J. H. GILLIS
    and M. D. SCHWARTZ, JJ., affirmed (Docket No. 157059). The defend-
    ant appeals.

    In a unanimous opinion by Justice WEAVER, the Supreme Court
    *held*:

    Subsection 30b(28) of the Liquor Control Act explicitly provides
    that only wholesalers who have an agreement with a supplier may
    maintain a civil action against the supplier under § 30b. Thus, no
    other remedies may be inferred. Because leave to appeal in this
    case was not granted with regard to Monroe's common-law claim
    for negligence, the issue is remanded to the Court of Appeals for
    consideration.

    Affirmed in part, reversed in part, and remanded.

    Justice KELLY took no part in the decision of this case.

    211 Mich App 286; 535 NW2d 253 (1995) affirmed in part and
    reversed in part.

*Amberg, McNenly, Zuschlag, Firestone & Lee, P.C.*
(by *Dirk F. Zuschlag* and *Michael K. Lee*), for the
plaintiff.

*Butzel, Long* (by *David H. Oermann* and  *Phil-
lip C. Korovesis*), and the Stroh Brewery Company
(by *William H. Beyer*) for the defendant.

Amicus Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *John A. Krsul, Jr.,* and *Robert W. Powell*) for the Beer Institute.

WEAVER, J. This Court granted leave to appeal, limited to the issue whether § 30b of the Liquor Control Act grants to a wholesaler who has no agreement with the supplier the right to maintain a civil action under the act. The essential facts of this suit are not in dispute.

On January 1, 1984, Stroh Brewery Company and Cap Beverage, Inc., entered into a wholesaler agreement that gave Cap Beverage exclusive rights to sell and distribute certain Stroh products in Hillsdale and Lenawee Counties. In October 1989, Cap Beverage notified Stroh that it was seeking a buyer for its assets, including its right to sell and distribute Stroh's products. Stroh requested certain information to evaluate any proposed transaction, which Cap Beverage did not provide. Stroh also informed Cap Beverage that it wished to consolidate its distribution rights with existing Stroh wholesalers whenever possible. Two companies bid on Cap Beverage's assets. Stroh evaluated and rejected one of them. The other, Monroe Beverage Company, Inc., requested from Stroh the forms necessary to apply for Stroh's approval. Stroh informed Monroe that it wished to consolidate its distribution and sales rights with existing wholesalers where possible, and never sent the requested forms to Monroe. Eventually Monroe purchased Cap Beverage's assets, including the Stroh distributorship, on August 24, 1990. When informed of the sale, Stroh responded that Monroe's purchase

of Cap Beverage's sale and distribution rights violated Stroh's agreement with Cap Beverage, resulting in the immediate and automatic termination of the agreement. Stroh then granted its sale and distribution rights to another wholesaler.

Monroe filed suit against Stroh, alleging that Stroh violated the provisions of the Liquor Control Act, MCL 436.1 *et seq.*;   MSA 18.971 *et seq.*[1] Specifically, Monroe argued that Stroh failed to appropriately consider and consent to the transfer of distribution rights to Monroe, MCL 436.30b(16);  MSA 18.1001(2)(16).[2]

Stroh moved for summary disposition under MCR 2.116(C)(8),  contending that Monroe could not bring suit for damages under the Liquor Control Act because, as both parties concede, Monroe was not a wholesaler with which the supplier had an agreement. The trial court denied Stroh's motion. The Court of Appeals affirmed.[3]

Plaintiff is seeking damages under MCL 436.30b; MSA 18.1001(2),  the section that provides a "structure for the business relations between a wholesaler

---

[1] Monroe alleged various other claims as well, which are not before us.

[2] MCL 436.30b(16);  MSA 18.1001(2)(16) provides:

A supplier shall not withhold consent to any transfer of a wholesaler's business if the proposed transferee meets the material and reasonable qualifications and standards required by the supplier. A wholesaler shall give the supplier written notice of intent to transfer the wholesaler's business. A supplier shall not unreasonably delay a response to a request for a proposed transfer of a wholesaler's business. However, a transfer of a wholesaler's business which is not approved by the supplier shall be null and void. A supplier shall not interfere with, or prevent, the transfer of the wholesaler's business if the proposed transferee is a designated member.

[3] 211 Mich App 286; 535 NW2d 253 (1995).

of beer and a supplier of beer." MCL 436.30b(1); MSA 18.1001(2)(1).

Subsection 28 of § 30b[4] provides for a limited right to sue under § 30b. Specifically, it states that when a supplier (such as defendant Stroh) engages in conduct prohibited under this section, then a civil action may be brought by "a wholesaler with which the supplier has an agreement." Both parties concede that Monroe is *not* such a wholesaler.

Because Monroe is not authorized to bring suit under subsection 30b(28), it asserts that the remedy set forth in subsection 30b(28) is not exclusive. Monroe alleges that an alternative remedy is set forth in MCL 436.30b(29); MSA 18.1001(2)(29). This portion of the statute provides:

> A supplier that violates any provision of this section is liable for all actual damages and all court costs and reasonable attorney fees incurred by a wholesaler as a result of that violation. A wholesaler that violates any provision of this section is liable for all actual damages and all court costs and reasonable attorney fees incurred by the supplier as a result of that violation.

Monroe argues that subsection 30b(29) implicitly allows *any* wholesaler who alleges damage from a

---

[4] MCL 436.30b(28); MSA 18.1001(2)(28) provides:

> If a supplier engages in conduct prohibited under this section, a wholesaler with which the supplier has an agreement may maintain a civil action against the supplier to recover actual damages reasonably incurred as the result of the prohibited conduct. If a wholesaler engages in conduct prohibited under the section, a supplier with which the wholesaler has an agreement may maintain a civil action against the wholesaler to recover actual damages reasonably incurred as the result of the prohibited conduct.

supplier's violation of the provisions of § 30b to sue under the act. We must disagree.

It is well established that "[w]here a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only." *Lafayette Transfer & Storage Co v Public Utilities Comm*, 287 Mich 488, 491; 283 NW 659 (1939). Subsection 30b(28) plainly sets forth who may avail themselves of the rights provided by § 30b. The Liquor Control Act sets forth new rights and responsibilities, not found in the common law. Accordingly, we must recognize that it also establishes who has a remedy under the act.

If subsection 30b(28) did not exist, we might agree with Monroe's theory that subsection 30b(29) would allow any wholesaler who alleged damages to sue under § 30b. However, because subsection 30b(28) explicitly provides that only wholesalers who have an agreement with a supplier may sue under § 30b, we will not infer other remedies.

Stroh also asserts that the Court of Appeals erred by allowing Monroe's common-law claim for negligence to stand. We did not grant leave on this issue. Accordingly, we remand the issue to the Court of Appeals for consideration.

We reverse in part and remand with instructions.

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred with WEAVER, J.

KELLY, J., took no part in the decision of this case.