MONROE BEVERAGE COMPANY, INC v STROH BREWERY COMPANY
(ON REMAND)

Docket No. 202441. Submitted April 14, 1997, at Lansing. Decided June 27,
1997, at 9:20 A.M.

Monroe Beverage Company, Inc., brought an action in the Monroe
Circuit Court against The Stroh Brewery Company and others,
alleging that Stroh violated provisions of the Liquor Control Act in
failing to consider and consent to the transfer of the exclusive
wholesaler sale and distribution rights for certain Stroh products in
certain counties from Cap Beverage, Inc., to Monroe following
Monroe's purchase of Cap's assets. The court, William F. Lavoy, J.,
granted summary disposition for Stroh regarding some of Monroe's
claims. Stroh appealed by leave granted the denial of its motion for
summary disposition regarding Monroe's other claims. The Court of
Appeals, MARILYN KELLY, P.J., and J. H. GILLIS and M. D. SCHWARTZ, JJ.,
affirmed. 211 Mich App 286 (1995). Stroh appealed, and the
Supreme Court affirmed in part, reversed in part, and remanded for
the limited purpose of considering whether the trial court erred in
denying Stroh's motion for summary disposition regarding the
plaintiff's common-law claim of negligence. 454 Mich 41 (1997).

On remand, the Court of Appeals *held*:

The trial court erred in denying Stroh's motion for summary dis-
position with regard to the common-law claim of negligence. The
court's order with respect to that claim must be reversed. The
Liquor Control Act cannot be used as a basis for establishing a tort
duty of care because Monroe cannot maintain a civil suit against
Stroh under the act. Stroh did not owe Monroe a duty to review the
request for transfer in a nonnegligent manner and Monroe cannot
maintain a negligence claim against Stroh on this basis.

Reversed.

INTOXICATING LIQUORS — ACTIONS — WHOLESALERS — SUPPLIERS — COMMON-
LAW NEGLIGENCE ACTIONS.

Section 30b(28) of the Liquor Control Act explicitly provides that only
wholesalers who have an agreement with a supplier may maintain
a civil action against the supplier under § 30b; a wholesaler who
*cannot maintain a civil suit against a supplier under the act*
because of the lack of an agreement may not use the Liquor Con-

trol Act as a basis for establishing a common-law claim of negligence alleging a tort duty of care (MCL 436.30b[28]; MSA 18.1001[2][28]).

*Amberg, McNenly, Zuschlag, Firestone & Lee, P.C.* (by *Dirk F. Zuschlag* and *Michael K. Lee*), for Monroe Beverage Company, Inc.

*Butzel Long* (by *Philip J. Kessler*), and *Ufer Spaniola Fallucca & Cheli, P.C.* (by *David H. Oermann* and *Kevin F. O'Shea*), for The Stroh Brewery Company.

Amici Curiae:

*Willingham & Coté, P.C.* (by *Ray Foresman* and *Anthony S. Kogut*), for the Michigan Beer & Wine Wholesalers Association.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *John A. Krsul, Jr.*, and *Robert W. Powell*), for the Beer Institute.

ON REMAND

Before: HOEKSTRA, P.J., and MARKMAN and O'CONNELL, JJ.

PER CURIAM. This case is before us[1] on remand from our Supreme Court, 454 Mich 41; 559 NW2d 297 (1997), for the limited purpose of considering whether the trial court erred in denying defendant the Stroh Brewery Company's motion for summary disposition with regard to plaintiff Monroe Beverage Com-

---

[1] Upon remand, this panel was substituted for the original panel, because (now) Justice MARILYN KELLY, former Court of Appeals Judge J. H. GILLIS, and visiting Circuit Judge M. D. SCHWARTZ are not available to consider this case again.

pany, Inc.'s, common-law claim of negligence. We hold that it did and reverse.

The facts underlying this appeal are set forth both in this Court's earlier opinion, 211 Mich App 286; 535 NW2d 253 (1995), and the opinion of the Supreme Court, 454 Mich 41; 559 NW2d 297 (1997), which affirmed in part and reversed in part this Court's earlier opinion. The issue considered in our earlier opinion was whether Monroe, a wholesaler who never had a distribution agreement with Stroh, but who wished to enter into such an agreement upon its purchase of the assets of a wholesaler that did have an agreement with Stroh, could maintain a civil action against Stroh pursuant to § 30b of the Liquor Control Act, MCL 436.30b; MSA 18.1001(2). Although this Court concluded that Monroe could maintain such a suit, our Supreme Court reversed, concluding that the language of the statute explicitly provides that only wholesalers who have an agreement with a supplier may sue under § 30b.

The case was then remanded to us for the limited purpose of considering whether the trial court erred in denying Stroh's motion for summary disposition regarding the common-law claim of negligence (referred to in this Court's earlier opinion as "Count V").[2] In finding that Stroh was not entitled to summary disposition with respect to the negligence claim, the trial court stated:

---

[2] Our earlier opinion did not address this issue, which was not included in Stroh's statement of questions presented and therefore arguably waived. *Orion Twp v State Tax Comm*, 195 Mich App 13, 18; 489 NW2d 120 (1992).

> Plaintiff has alleged a negligence claim against the Defendants for violating the Act in Count V. The Act requires that the Defendant, Stroh, must apply its material and reasonable standards to proposed transferees. Defendant owed the Plaintiff a duty to apply its own standards in evaluating it as a proposed transferee under the Act. Thus, there is a statutory duty even though there is no contractual duty owed to Plaintiff. Plaintiff has stated a claim as to this Count.

We agree with Stroh that because Monroe cannot maintain a civil suit against Stroh under the Liquor Control Act, that act cannot be used as the basis for establishing a tort duty of care. Stroh did not owe Monroe a duty to review the request for transfer in a nonnegligent manner and Monroe cannot maintain a negligence claim against Stroh on this basis. Accordingly, the trial court erred in denying Stroh's motion for summary disposition with regard to count V of Monroe's complaint.

The trial court's order with respect to this count is reversed.