# Order

Michigan Supreme Court
Lansing, Michigan

March 26, 2010

139807 & (87)

ADRIANA LEE, Personal Representative of
the Estate of RUFUS YOUNG, JR.,
                    Plaintiff-Appellee,

v

DETROIT MEDICAL CENTER, CHILDREN'S
HOSPITAL, DR. ALHM MAHBOBUL HUQ,
and DR. JAYSHREE RAO,
                    Defendants-Appellants,

and

DR. VINCE TRUONG,
                    Defendant-Appellee,

and

LIFE SPAN CLINICAL SERVICES, KRISTIN
RYESON DZAHRISTOS, TARA HALL,
JENNIFER WRAYNO, BARBARA FRIEDEL,
and FAY FLUELLEN,
                    Defendants.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139807
COA: 282268
Wayne CC: 04-438626-NO

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the July 14, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would grant leave to appeal the jurisprudentially significant Court of Appeals opinion in this case. First, as Justice Markman observes, the Court of Appeals majority concluded that a hospital may be held vicariously liable for a doctor's failure to report suspected abuse or neglect under the Child Protection Law, MCL 722.623 and MCL 722.633. Because MCL 722.623 created a new statutory duty to report suspected abuse or neglect, defendants make a good argument that the Child Protection Law provides exclusive remedies for violation of the duty. See e.g. *Monroe Beverage Co v Stroh Brewery Co, Inc,* 454 Mich 41, 45 (1997), quoting *Lafayette Transfer & Storage Co v Public Utilities Comm,* 287 Mich 488, 491 (1939) ("'[W]here a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only.'") Under the Child Protection Law, only individuals, not institutions, are required to report.

MCL 722.623(1). And only a "person who is required . . . to report an instance of suspected child abuse or neglect and who fails to do so" is liable for resulting civil damages, MCL 722.633(1).[1] Accordingly, I question whether an institution may be held liable for a reporting violation.

Second, the Court of Appeals held that a complaint against physicians for alleged failure to report abuse sounds in ordinary negligence rather than medical malpractice. But, as the dissenting Court of Appeals judge aptly explained, doctors use medical judgment to determine whether a child has been abused and, therefore, whether abuse should be reported. Accordingly, a doctor often will have "reasonable cause to suspect child abuse" that triggers the reporting requirement, MCL 722.623(1)(a), on the basis of different facts and knowledge than would a layperson who is required to report abuse pursuant to the statute. Thus, although laypersons may be held to ordinary negligence standards when they fail to report potential abuse, when a doctor fails to report his medical expertise is called directly into question.

This case illustrates the point well. Here, the subject child had marks on his skin that appeared to be *either* scars from a skin condition (eczema) *or* bruises. Thus, the defendant doctors were required to determine, based on their medical expertise, whether the marks resulted from a mere skin condition or might indicate bruising caused by abuse. Although such marks might appear to be bruises to a layperson who is not medically trained—thus creating a reasonable suspicion of abuse—a reasonable doctor might *not* expect abuse if, on the basis of his medical expertise, he concludes that the marks are eczema scars. Conversely, under other facts, a child might exhibit symptoms that would not cause a layperson to suspect abuse but that a doctor should recognize as the likely result of trauma.

Thus, this case involves jurisprudentially significant issues that present difficult questions of law, as is illustrated by the split decision in the Court of Appeals. Accordingly, I would grant leave to appeal in order to consider these issues with the aid of full briefing and oral arguments.

YOUNG, J., joins the statement of CORRIGAN, J.

---

[1] Such a person is also guilty of a misdemeanor if he "knowingly" fails in his duty to report. MCL 722.633(2).

3

MARKMAN, J. (*dissenting*).

I respectfully dissent from the order denying defendants' application for leave to appeal.  Because the issues presented are jurisprudentially significant, in my judgment, I would grant leave to appeal.

The Child Protection Law, MCL 722.623 requires individuals of various professions, including physicians, who have "reasonable cause to suspect child abuse or neglect" to report such abuse or neglect to the Family Independence Agency.  MCL 722.633(1) imposes civil liability on any "person who is required . . . to report an instance of suspected child abuse or neglect and who fails to do so . . . ."  Specifically at issue here is: (a)  whether a claim against a physician based on a violation of the statute sounds in medical malpractice or ordinary negligence; and (b) whether a hospital may be subject to vicarious liability under the statute.  In what are clearly thoughtful majority and dissenting opinions, the Court of Appeals held that a claim based on the Child Protection Law sounds in ordinary negligence and that vicarious liability is applicable.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 26, 2010

_____
Clerk

d0323