**S T A T E   O F   M I C H I G A N**
**C O U R T   O F   A P P E A L S**

---

DEPARTMENT OF TRANSPORTATION,

        Plaintiff-Appellee,

v

WOLVERINE SIGN WORKS,

        Defendant-Appellant.

UNPUBLISHED
November 4, 2014

No. 316779
Ingham Circuit Court
LC No. 13-000058-CZ

---

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right the trial court order granting plaintiff's motion for summary disposition in this action involving defendant cutting and removing foliage from plaintiff's— the Department of Transportation's—land. We affirm in part, reverse in part.

## I. FACTUAL BACKGROUND

Defendant owns and operates a billboard, located adjacent to I-96 in Kent County and to plaintiff's real property. According to plaintiff, defendant entered the right of way and cut vegetation, trees, and shrubs without a permit or authorization. Defendant does not dispute that factual allegation.

Consequently, plaintiff filed suit alleging, *inter alia*, violations of the Revised Judicature Act (RJA) MCL 600.101 *et seq*., the Highway Advertising Act (HAA) MCL 252.301 *et seq*., the Natural Resources and Environmental Protection Act (NREPA) MCL 324.101 *et seq*., and the common law. On cross-motions for summary disposition, the trial court assessed damages and delineated them against defendant as follows: $26,950 "in statutory damages" in total under the statutes at issue, $1,000 in "penalty damages," $1,000 "in nominal damages," and $64,250 in "exemplary damages." The total was $93,200. Defendant now appeals.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 206; 828 NW2d

459 (2012). Issues of statutory interpretation are reviewed *de novo*. *Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 7; 779 NW2d 237 (2010).[1]

## B. STATUTORY & NOMINAL DAMAGES

The RJA, MCL 600.2919(1), provides for treble and single damages when any person:

> (a) cuts down or carries off any wood, underwood, trees, or timber or despoils or injures any trees on another's lands, or

> (b) digs up or carries away stone, ore, gravel, clay, sand, turf, or mould or any root, fruit, or plant from another's lands, or

> (c) cuts down or carries away any grass, hay, or any kind of grain from another's lands without the permission of the owner of the lands, or on the lands or commons of any city, township, village, or other public corporation without license to do so, is liable to the owner of the land or the public corporation for 3 times the amount of actual damages. If upon the trial of an action under this provision or any other action for trespass on lands it appears that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that the wood, trees, or timber taken were taken for the purpose of making or repairing any public road or bridge judgment shall be given for the amount of single damages only.

The HAA, MCL 252.311(3), provides:

> If trees or shrubs have been trimmed or removed without a permit under section 11a by a sign owner, a sign owner's agent, a property owner, or a property owner's agent, the department shall conduct a hearing under the administrative procedures act of 1969[.] After providing notice and opportunity for hearing under the administrative procedures act of 1969, . . . the department may impose a fine not to exceed 5 times the value of the vegetation that was trimmed or removed, restrict future vegetation management permits, restrict use of the sign or sign structure for a period not to exceed 1 year, or, for a second or subsequent violation, remove the sign under section 19. . . .

MCL 252.321 further provides:

> Except as otherwise provided in section 7, a person who erects or maintains any sign or sign structure or other object for outdoor advertising subject

---

[1] Although plaintiff contends that the trial court's decision should be affirmed because defendant failed to produce evidence, the issues raised on appeal are legal, not factual. Defendant does not dispute its underlying behavior.

to the provisions of this act without complying with this act is liable for a penalty of not less than $100.00 nor more than $1,000.00 for each violation which shall be paid into the state trunk line fund. Penalties shall be sued for, by and in the name of the department and shall be recoverable with the reasonable costs thereof in the district or circuit court in the county where the person maintains his principal place of business or in the county where the signs erected or maintained without complying with this act are located. . . .

Lastly, the NREPA, MCL 324.52901, provides: "(1) A person shall not cut, remove, or transport, without having in possession a bill of sale from the owner or other evidence of title on a form prescribed by and available from the department or the department of agriculture or the federal agency that has jurisdiction," including "trees, shrubs, or vines" and various other foliage. MCL 324.52908(6) states:

> In addition to the penalties provided for in this section, a person who violates this part by illegally removing or cutting a plant is liable in a civil action filed by the state or the property owner for up to 3 times the fair market value of the damage caused by the unlawful act or $100.00, whichever is greater, and for court costs and attorney fees. Damages collected under this subsection shall be paid to the owner of the lands from which the plants were illegally removed or, if removed from state owned lands, to the state treasurer, who shall credit the deposit to the fund that was used to purchase the land on which the violation occurred.

Thus, the relevant provisions of the RJA, HAA, and NREPA all relate to the same subject matter: the regulation and penalties resulting when a person cuts down shrubbery and trees without the proper authority. Defendant concludes that these statutory provisions are in conflict and that the HAA—the more specific provision—controls. Plaintiff counters that each of those statutes are in harmony and it is entitled to damages under each provision as well as under the common law.

As this Court has recognized, "a statute may appear to be clear on its face, but is rendered ambiguous by its interaction with other statutes." *Jackson Community College v Michigan Dep't of Treasury*, 241 Mich App 673, 680; 621 NW2d 707 (2000) (quotation marks and citations omitted). Here, the specific statutory provisions are silent regarding whether their respective damage provisions are cumulative. In contrast, some statutes specify when its remedy provision is not intended as an exclusive remedy. See *Dep't of Agriculture*, 485 Mich at 10 (holding that a RJA provision, regarding conversion, was cumulative to a provision in Agricultural Commodities Marketing Act because the RJA specifically provided that the remedy was "in addition to any other right or remedy the person may have at law or otherwise." MCL 600.2919a(2)). Here, there is no language in the relevant subsections regarding whether the respective remedies are meant to be an exclusive or cumulative remedy.

In regard to whether the relevant provisions of the HAA, RJA, and NREPA are in conflict, instructive is this Court's opinion in *Michigan Deferred Presentment Servs Ass'n v Comm'r of Office of Fin & Ins Regulation*, 287 Mich App 326, 334; 788 NW2d 842 (2010). That case analyzed the same issue, albeit in the context of different statutes, as follows:

The section of the RJA at issue, MCL 600.2952, and the section of the [Deferred Presentment Service Transactions Act (DPSTA)] at issue, MCL 487.2158, relate to the same subject matter. Both statutes specify remedies available to entities that have been given a check that is later returned by the drawee because insufficient funds are available in the account to honor the draft. Therefore, these two statutes are *in pari materia.*

The two statutory sections irreconcilably conflict. Although the RJA section would grant treble damages plus costs to the entity given an NSF check, MCL 600.2952(4), the DPSTA limits the recovery to the face amount on the check plus a returned check charge of $25. MCL 487.2158(2), (3). Therefore, the more specific statute must control. . . .

Likewise in this case, while the RJA and NREPA only permit treble damages, the HAA allows for damages up to five times the value of the vegetation at issue in this case plus a $1,000 penalty. Thus, the HAA damage provision is in conflict with the damage provisions found in the RJA and the NREPA. See *Michigan Deferred Presentment Servs Ass'n*, 287 Mich App at 334. Therefore, the more specific statute controls. *Johnson v QFD, Inc*, 292 Mich App 359, 373; 807 NW2d 719 (2011) ("When two statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails." (Quotation marks and citation omitted)).[2]

The specific provision of the HAA is directly on point to the problem at issue in this case and defendant concedes that it is liable under the HAA for five times the value of the destroyed vegetation at issue—$13,250—and an additional $1,000 penalty. The HAA addresses plaintiff's injury with greater specificity than either the RJA or the NREPA. The RJA generally proscribes removing vegetation on "another's lands," MCL 600.2919(1)(a), and the NREPA proscribes destroying vegetation without "a bill of sale from the owner," MCL 324.52901(1). The HAA was specifically enacted to improve and enhance the scenic beauty on land adjacent to the highways and freeways. MCL 252.303. Its provisions prohibit sign owners from trimming or removing shrubs around their signs, MCL 252.311, which is precisely what occurred in this case. Accordingly, the HAA is the more specific provision, and prevails over the damage provisions in the RJA or NREPA.

However, we do not agree that the HAA supersedes plaintiff's right to bring a common-law trespass claim. "Trespass is an invasion of the plaintiff's interest in the exclusive possession of his land," and permits the recovery of "at least nominal damages even in the absence of proof of any other injury." *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 59-60; 602 NW2d 215 (1999) (quotation marks and citation omitted). As this Court has recognized, "[w]hen a

---

[2] Plaintiff cites to *Stevens v Creek*, 121 Mich App 503; 328 NW2d 672 (1982), regarding an action under the RJA, MCL 600.2919, and the Michigan Environmental Protection Act, MCL 691.1201 *et seq*. However, the issue here is whether the HAA conflicts with the RJA and NREPA, not whether the RJA and NREPA conflict with each other. Nor is *Stevens* binding. MCR 7.215(J)(1).

statute provides a remedy for enforcement of a common-law right, the statutory scheme is merely cumulative and not exclusive." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 201; 729 NW2d 898 (2006). Moreover, the common-law claim of trespass is distinct from a claim under the HAA, as the former merely requires proof that a person entered the land of another, with no requirement of damage or taking away foliage. Nor is there any language in the HAA indicating that it was intended to abrogate the common law. Defendant has not demonstrated that recovery under the common law and the HAA is double recovery, as a party is specifically permitted to recover under both. See *Morris Pumps*, 273 Mich App at 201; see also *Grace v Grace*, 253 Mich App 357, 368-369; 655 NW2d 595 (2002) (in order to constitute a double recovery, the injury to be compensated must be identical).[3]

## C. EXEMPLARY DAMAGES

Defendant also contends that the trial court erred in awarding plaintiff exemplary damages. We agree.

"[W]here a cause of action is statutorily based, there must be a basis in the statute for awarding exemplary damages[.]" *B & B Inv Group v Gitler*, 229 Mich App 1, 10; 581 NW2d 17 (1998). Here, there is no authority in the specific provisions relied on for exemplary damages. As for plaintiff's common-law claim, "[e]xemplary damages are recoverable only for intangible injuries or injuries to feelings, which are not quantifiable in monetary terms." *Unibar Maint Services, Inc v Saigh*, 283 Mich App 609, 630; 769 NW2d 911 (2009). If the injury is purely pecuniary, and is susceptible to full and definite monetary compensation, exemplary damages are not permitted. *Id.* The award of exemplary damages is to compensate a plaintiff for the "humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully and wantonly inflicted by the defendant." *Id.* (quotation marks and citation omitted). Or, in terms of a corporation, exemplary damages are proper to compensate a corporation for a loss of reputation as a skillful and competent company. *Id.*

Plaintiff's common-law trespass claim does not satisfy the above standards. Plaintiff has produced no evidence that the loss of roadside vegetation in the amount of $2,450 diminished the overall benefit of the roadside vegetation. Nor is there any basis to conclude that such damages are a "natural and proximate" result, considering the relatively small amount of vegetation destroyed in this case. *Unibar Maint Services, Inc*, 283 Mich App at 632. The lost vegetation is quantifiable in monetary terms. See *id.* at 630 (if the injury is susceptible to full and definite monetary compensation, exemplary damages are not permitted). The HAA already provides compensation for plaintiff's injury in the amount of five times the actual value of the cut vegetation, plus an additional $1,000 penalty. Plaintiff has produced no evidence that the loss of roadside vegetation has caused it harm beyond for which the statutory provisions already

---

[3] While defendant relies on *Monroe Beverage Co, Inc v Stroh Brewery Co*, 454 Mich 41, 44; 559 NW2d 297 (1997), our Supreme Court has warned that *Monroe Beverage* "should not be applied as a general statement concerning statutes that provide new rights and remedies irrespective of the specific language of such statutes." *Dep't of Agriculture*, 485 Mich at 13.

compensate it. Accordingly, plaintiff has failed to demonstrate that exemplary damages are warranted.

## III. CONCLUSION

We agree with defendant that plaintiff is limited to recovery under the HAA only, and not under the RJA and NREPA as well. However, plaintiff is permitted to recover under the common law. We likewise agree with defendant that plaintiff is not entitled to exemplary damages. We affirm in part and reverse in part. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan